I'm talking to you, Deb. 830-0598. In the name of the members of the Police Office, Executive Petitioner Appellant, and Robert A. Peck, Respondent Appellant, arguing on behalf of the Executive Petitioner Appellant, Mr. Jonathan Luton. Arguing on behalf of the Respondent Appellant, Mr. Michael T. Lewis. Thank you. Mr. Luton. Good morning, and may it please the Court, Counsel. There is not a ton of case law on some of the important questions here, and so I think both of us spent a lot of time kind of talking around the case law, but there are two questions presented, and they turn into essentially three questions presented that each have subparts after the response. The first question has to do with procedure, and I don't want to belabor procedure when substance is clearly more important, but in this case, the procedure actually is important. The basis for the Court's dismissal, as they call it, of the petition to revive the judgment was a 615 motion to dismiss. First of all, it's not a motion to a petition to revive. It isn't a pleading, and so therefore, a 615 motion to dismiss is absolutely the wrong procedure. But as a result of the fact that the Court apparently based its ruling on 615, what we know from that ruling is that it based its ruling on the four corners of the petition to revive and nothing outside of the four corners of the petition to revive. It couldn't have relied on the affidavit that shouldn't have been attached to the 615 motion. It couldn't have been making any factual determinations, and in fact, there was no factual investigation into the question of whether the 50% interest in this property was actually $0 or anything of that nature. And so I would submit that the only question before, the only proper question that's before this Court, is whether the, other than whether 615 was the appropriate vehicle to dismiss this, the petition to revive, which it wasn't, the only question that's properly before the Court other than that is whether the amount of the judgment requirement under 1601 has to be supplied by a specific dollar amount. And if this Court rules that, in fact, there has to be a specific dollar amount indicated in the petition to revive, it would really do a lot of damage to basically every judgment in the state that is for anything other than a specific dollar amount, a specific dollar amount that can be reduced to Arabic numbers, Arabic numerals. So anything for a specific performance, any judgment for a specific performance. A judgment, for example, in Raplettan, you have to give the plaintiff two Corvettes, and if we're not able to execute that judgment over the course of seven years, I file a petition to revive the judgment. Defendant comes along and says, well, two Corvettes is not a specific amount, it's not a number, and so therefore the judgment can't be revived. And now what do you know? So how do you read Section D then into your argument where it says, in order reviving a judgment shall be for the original amount of the judgment? So how do you reconcile that? So there the question is, what's the word amount mean? And so the word amount... Original amount. Right. So the first thing that that means is that I can't ask for anything other than what the original judgment says. And I think with respect, it's a great question, and the answer to the question is, what if the judgment is for two Corvettes? I can't write $250,000 because I think that's the value of two Corvettes. I have to write in the 1602 petition... Sorry, I said 1601 before. The 1602 petition, I have to write two Corvettes. That's the only thing I'm allowed to write. A judge may strike, potentially, a 1602 petition and ask for something that's not on the face of the original judgment. So if I think that the value... I suppose what we could have done is we could have said, I think the value of our 50% interest in this house is $50 billion or whatever, and then it would be a fight over whether it's actually that amount. But a court hearing that petition could say, no, counsel, you can't write a dollar amount. That's not what the judgment says. What the judgment says is a 50% interest in a specific property. Just like... Do you need discovery to get an amount of what you were seeking? I think that you would need discovery to get an amount, but that's not really the issue in a petition to revive. That would be the issue if we were trying to execute the judgment, if we were trying to collect... The general rule is that a court, especially a divorce court, maintains jurisdiction over a case to enforce a judgment. I mean, and do those judgments then end after seven years? Does a dissolution judgment end after seven years? As actually the defendant pointed out, and the defendant found this out, I did not know. He educated me. The rule used to be, in fact, that judgments for child support did have to be revived. A specific law amended that. And so, in other words, but for the amendment of that general idea, judgments in divorce are the same as judgments in any other court in the state of Illinois. And so, yes, I think the answer is yes. The judgment would have to be revived. And by the way... Is there a case law that says that? No. No, there isn't. There's no case law that says the opposite. Do you have any case law that says that in Illinois, that non-money judgments are subject to 60-02? No. Not in either way. I don't have any case law. There was no case law I was able to find that says that non-money judgments have to be revived. And there was no case law I found that says that non-money judgments don't have to be revived. I found cases out of state that went both ways. But they all rely on the language in their statutes. Right. And our statute, as Justice Spence pointed out, talks about amounts of judgment, judgment debtors and creditors. Is your person who is owed the Corvettes a judgment creditor?  In my metaphor, this theoretical person who is owed Corvettes is owed Corvettes because he's a creditor in a judgment. So a person who wins a Corvette judgment is a judgment creditor. And I've just never heard it in that context before. Well, I'll put it this way, Justice. I certainly would not mind walking out of this room if the ruling is that we don't have to file a 60-02 petition. And, in fact, this judgment is everlasting. And so, therefore, there's no seven-year requirement to file a 60-02 petition. And you don't have to do it. Along those lines, I mean, I have a copy of your original motion. And it asks in the alternative at the end, not the original petition, but your response. My opening brief or the response? No, I'm sorry. Your response in the trial court says in the alternative that you're asking for enforcement of the judgment. Correct. Where did that go? I mean, because it seems like you went off on this revival of the judgment. I wouldn't say tangent, but path. And whatever happened with your alternative argument to just simply enforce the judgment as written? The initial petition just saw revival of the judgment. Obviously, I think Your Honor is right that the reason for revival is so that we can enforce. But the original petition saw revival. And the denial, I understood the denial. I think everyone understood the denial as being a denial of the petition for revival. So I did not brief the question raised only in the response of whether we can then enforce the judgment. And like I said, if this Court's answer to the question on 60-02 and the mountain thing in 60-02 is you don't have to revive a judgment if it's for equitable relief or if it has to do with divorce court and we can just execute the judgment at any time, that's fine with me. I mean, that would give us exactly what we want. I mean, it just sort of latches with us if we're talking about equity, but... That's true, that's true. But in this case, what we're talking about is there's a 50% interest in a property that was given to my client. And the response to that was, other than the procedural response, and you can't ask for that, the procedural response is, well, yeah, but it has zero value. And the problem with that is when the Court rules under 615, it says this thing that you claim to have has zero value. That's a finding of fact. And the only way we can get there is if there's discovery. That never happened in this case. It never happened. And that's what should have happened. What should have happened is, okay, fine, you have a defense to this thing, but the defense is based on the facts. And let's go into the facts. Let's figure out, if I have a 50% interest in that property, and the person who has sole enjoyment of that property, that other person has sole enjoyment of that property, defense saying, you never paid one bit of interest or one bit of the loan. So then what a court can do is it can say, well, if you're paying a loan at $5,000 a month and you were getting rent in $5,500 a month, then you won out $500 every single month, and potentially plaintiff is entitled to the $250 a month aggregated over the course of time. And then when you sell the property, then I can take that $250 out of his side of, or out of his amount of that sale. Well, this is all hypothetical. You just don't know, and you don't have access to the information. No, I don't. I don't. And I should have been given access to that information. That's the point. I should have been given access to that information. If at the end of that factual inquiry, the court determined that there was a $0 amount that we're entitled to, then that would be a much higher appeal for us. It wouldn't be a de novo because it would be based on facts. But that's not what we're here for. And unfortunately, that's not what we're here for. I did want to turn, at least for a couple of minutes, because I think my time is running out, to the third argument that was brought up. It wasn't one of the questions presented, but it was argued in the opinion by the defendant, that there's no judgment here. And I think some of your Honor's questions are about that, or at least invoke some of that language. And the argument essentially is, first of all, to the extent they say there's no judgment, it's called judgment. And so I think it is a judgment. But the argument seems to be that what we have is a lien interest as opposed to a judgment. And I would claim in the alternative, just like when we're talking about the two Corvettes, if the claim is that we have some theoretical ownership interest in two Corvettes, but I have no ownership, I mean I have no enjoyment whatsoever of the two Corvettes, that's still a judgment that needs to be executed. And so therefore, I think we're cautious and correct in bringing a petition to revive, so that we can then claim those two Corvettes. But that's very different, that ownership interest in, let's say, two Corvettes. That's very different from saying you have a lien interest in two Corvettes, that you can only collect on once the things are sold. It's our contention that we could potentially attempt to collect on. This happens all the time in divorce, where you ask for a property to be sold and divided. And so when you have an ownership interest in something, it's certainly different than a lien interest in something. And what we were given here, what the judgment gave us here, was not a lien interest, it was an ownership interest. And that ownership interest is something we've had no enjoyment of for the last, not me, but my client has had no enjoyment of for the last seven years. And so therefore, the procedure that the court chose was the wrong procedure. And as a result of the fact that it chose the wrong procedure, we never really got down to the facts, which are really important here. If the court's determination today is that this judgment is not subject to 1602 because it's everlasting, great. That's not a problem at all. But if the court's determination today is that the 1602 petition is incorrect because it doesn't state the proper amount, and so therefore you're out of luck, seven years have passed, you're out of luck, you have basically no interest whatsoever in a property that you were given a 50% interest in, that would be not only would it be an injustice, but it would be a serious problem to anyone that has a judgment for anything other than a specific dollar amount. And with that, I don't want to belabor the issue anymore. If the court has any questions, I'm happy to answer them. Well, does that mean, though, that this statute, since it speaks in terms of basically dollar money judgments, that it's limited, that the revival statute is limited to money judgments? I don't. My understanding is... Maybe there is no remedy then for non-monetary judgments. And I think that that cannot be the answer. I think for non-monetary judgments, the answer either is what we've argued is the answer, which is that they have to be revived, and the amount that you put in there is the amount of, you know, whatever it is that was stated in the original judgment. 50% of a property, two Corvettes, a specific performance of a contract, that would be the amount. Just like the amount of controversy requirement, that's why we analogize to the amount of controversy. Just like the amount of controversy requirement in federal diversity jurisdiction, the amount of controversy, and I use the exact same word, amount, it's not a specific dollar amount in terms of what it has to say in the ad hominem. It is a specific dollar amount in terms of, if what you're seeking, two Corvettes, doesn't arise to that amount, then there's no federal jurisdiction. But I don't have to state an amount. I have to state some relief that is worth the amount of controversy. It's the same here. I'm looking for something that is an amount. So the amount of what we're seeking is 50% interest in a piece of property. And so the answer to the question, I think, has to be one of two things. It has to be either what I suggested in our briefs, which is that the amount is whatever it states in the judgment, or the answer is that you don't have to revive that judgment, that judgment is everlasting. The answer cannot be that after seven years you're out of luck. That cannot be what the legislature meant. Paragraph H says that both parties are entitled to any equitable interest in the property. Is there any other paragraph in the judgment for dissolution of marriage that defines what amount or that amount any more particularly? I don't believe so. Okay. Thank you. All right. You'll have time on rebuttal. Mr. Worcester. Your Honors, Honorable, may it please the Court. Counsel, just a moment. We're here on an appeal of a dismissal of a petition to revive pursuant to Section 216.02. And it was dismissed pursuant to Section 2615. And really, there's one question before the Court today, which is did the trial court act appropriately when dismissing the petition to revive pursuant to our 2615 motion? And the answer is yes, and that's for two reasons. Number one, a petition to revive is a pleading, and it's subject to the rules of civil procedure, including Section 2615. And I'd like to start off with the general notion that a pleading has been defined as a party's formal allegations of his or her plaintiff's offenses. And a petition to revive is a formal allegation from a creditor to a debtor. I think, Justice Burke, you're spot on. With Section 2602, this is a creditor-debtor relationship we are talking about. Well, first of all, how do you respond to Primus, which says the 1602 motion is not a pleading, not subject to statutory pleading requirements? Your Honor, I would say, first of all, that's the only case that they cited to. Second of all, it cites to Berman v. Schneider. Berman v. Schneider never says that a petition to revive is not a pleading. All it says is that it's not a new suit. It's a continuation of an old suit. The First District is correct in stating that filing is not a pleading simply because it's not a new suit but a continuation of a suit.  It is a continuation of the underlying petition for dissolution and the judgment being entered. And I would say that that logic is faulty. And I think it was a general proposition. What I would, though, say is there is no law that we have found in the Second District that really talks or speaks to this subject. And on top of that, First District, like I said, I think that would lead to broad problems. Every single filing is no longer a pleading just because it doesn't institute a new suit. But if you look at Illinois Department of Public Aid, Exeril McInnes, which is a 1994 Fourth District case, they look at a petition to revive. And they specifically look at Supreme Court Rule 106 and 105. That talks about the requirements of the service of a petition to revive and how it treats it almost like an action against a defaulted party for new or additional relief. And the court goes on to say Rule 106 treats a request for revival as new or additional. It's a new proceeding. On top of that, while it does revive the original judgment, it clearly states you can add on interest and court costs. It's not exactly the same thing. And you're bringing formal allegations against that debtor. That's why they have to be served. They have noticed that something other than the original judgment might be answered against them. And I would urge this court to follow the Fourth District, which is that a petition to revive is a pleading, not the first. If we use that general proposition, every motion or every petition to modify child support, every petition to modify maintenance, every petition to modify a parental allocation is not a pleading. That's the exact opposite of what the case law holds it is. It creates a new procedure for the court to act on. And if the First District is correct and it's simply in motion, what was the court granting relief on? The whole point is that the underlying judgment, it's past 30 days, there's nothing pending in the case. The only thing that's pending is the petition to revive. So what pleading was the court acting on if the petition to revive is not a pleading itself? But what I think appellant misses is other than primus, we have multiple cases in which they're dealing with the petition to revive where the defendant filed a 2615 or a 2619 motion. In the trial courts in Penelope and Harza Engineering Co., which is a 2001 First District case, there was a foreign judgment that they were trying to register and then revive. The trial court heard arguments based on the statute of limitations, the 2619 and 2615 motions, and they agreed with the defendants and granted those motions. The appellate court disagreed, not because it found that a petition to revive is not a pleading and therefore the 2615 or 2619 motions were inappropriate, but because it disagreed with the statute of limitations. In addition... Well, didn't Penelope really rely on the fact that it was a petition, not a 16... They didn't really make a definitive ruling on 1602. They said since the foreign judgment wasn't registered, they treated that as a pleading, the petition to register the foreign judgment, correct? Well, they did. They treated that as a pleading as well, right? So they said, okay, you don't cut off at seven years. You're allowed to register the foreign judgment, and that's why the trial court was wrong. But there was a 2619 motion against the petition to revive, and I guess you're correct, Your Honor, in the sense it didn't really address that. But I think that's the point. In these cases, when we have these filings, the courts are very silent on those motions. I mean, we're kind of going down a little bit of a rabbit hole here. Your Honor, you could have filed a motion to strike the 1602 pleading for lack of for failure to comply with the statute, which would have been similar to a 615, but for failure to comply with the statute, not set out the judgment. Also, we review this de novo, right? Yes, Your Honor. So, I mean, we can affirm the trial court on any basis. So, I mean, we get around to counsel's basic argument, I think it boils down to this, is either he's able to revive this or he's able to enforce it. It can't just die because it doesn't have a specific dollar amount. How do you respond to that? Well, Your Honor, that goes to my second point. There is no judgment. It's not a money judgment against them. And I agree with that. They did not have to come in and revive it. We didn't argue they died. We argued it was not a monetary judgment that needed to be revived. At some point, and how they revive it, whether it's a petition to enforce, even though the judgment itself gives my client sole right to possess it, the language really was nothing to enforce. It didn't require them to sell it. It didn't require them to make payments. It gave them an equitable interest subject to the repayment of loans. But I think what ultimately may be her relief is what anybody does when they have a right in real estate that they think they have with a co-owner. You file a partition suit. You have the court decide what the rights are. I mean, I don't think they're blocked. After seven years, it just dies. And I think the appellant's argument would lead to absurd results in family law. So every seven years, we have to now revive a judgment for dissolution? If not, it's unenforceable? I mean, would you agree that, especially in dissolution cases, that you can enforce that judgment pretty much any time? Well, subject to a latches argument, I suppose. Exactly. So subject to a latches argument that you didn't enforce your rights, but absolutely. I mean, you file a petition for parole, and you enforce the judgment against somebody for not paying child support, not paying maintenance. If the judge gives you a year to sell the house and you don't do it, you can enforce it. This wording of this divorce judgment, as modified on June 30th, really kind of gives counsel's client a right without a remnant. I mean, a 50% equitable interest in something, and how it's enforced, how we figure out what that 50% is, when we figure out what it is, there's nothing in this judgment as to how to go about doing it. I will correct Justice Burks. You're absolutely right. I think the way it was trapped, it was difficult, to say the least. I think Judge Zopp was in a difficult position. It was an underwater commercial property that was a marital asset. Instead of telling the parties you either have to sell it and bring money to the table, or one of you takes all of the debt, give them each an equitable interest in the property subject to repayment of loans. Essentially, what you put into it is what you'll get out. And I go back to what I said before. If you have a right in real estate, in real property, and you have that with a co-owner, and you are at disagreement with how you're using that property, you bring the partition suit. And I think that is more than likely probably her remedy in this situation. Well, how would that help? I mean, how would that help, given the situation we have here? Is she going to sell half the property? Why? On a commercial building? No, of course not. I mean, that couldn't happen. Not without his consent. Well, no, but in a partition suit, Your Honor, I believe the judge makes a determination about what each party owns, right? So the judge would have to determine what the equitable interest is. At least you get to discovery after. Exactly. But on top of it, oh, I'm sorry. You would at least know whether it's still underwater, whether it's making money, who's paying what. I mean, you'd get to some facts that the judge never got to in this case. Exactly. And so I think the first step of the partition suit, and I'm not saying my client's going to agree that she has an interest because she hasn't paid on anything, but that's an evidentiary issue before the judge who ever heard the partition suit. If they do find there's an interest, that's exactly what the judge does. They appoint a commissioner. If you can't agree, they sell it. Now, maybe they won't force them to sell it because it's underwater, and hopefully at that time both parties' cooler heads will prevail. Neither party wants to bring money to the table if you have to sell it. But I think that's the remedy you can see when you get to the evidentiary hearing. You can find out what's owned, who's paying what, under the judgment that Judge Dopp has entered, right? And unfortunately, the equitable interest does throw the wrench in here. But I think going back, I haven't heard of a single person revising a judgment for dissolution after seven years because it would be unenforceable. I think 1602, the plain language. Well, how did nobody ever look at this alternative pleading in the response where counsel asked for the – I don't know if it was the same counsel or not, but counsel in trial court asked for this. Basically, judge, if you believe that this is not subject to 1602, please treat this – please treat my 1602 petition as a petition to enforce the judgment. And did anybody ever – It wasn't addressed. It wasn't addressed. It was not addressed. Not that I can remember. I was there. I argued at the trial court level. It was different counsel. I mean, essentially, counsel at the time thought we were going to walk in the first day and just enter an order reviving the judgment. It was just that simple of a process. There was no idea that there would be an evidentiary hearing. There was no argument on the enforcement of the judgment. I don't really think there's a lot to enforce here. As your Justices have kind of brought to point, it's very vague. There's not a lot of language saying what they have to do or what they don't have to do. It just gives them an interest in my client's right to possess it. But ultimately, you're – if 1602 – or I'm sorry. If judgments for dissolution are subject to 1602 every seven years, everybody better be running to court to revive the judgment because nothing is enforceable then. And I don't think it applies to non-monetary judgments. Every case that we've cited here was reduced to a money judgment, every one by appellant and myself, other than the federal cases, which weren't given with petition to revive. It's very simply the language when you look at 1602 is dealing with money judgments for creditors and debtors. And it says shall. It is mandatory, as Justice Spence brought up. It doesn't say if. It doesn't say if you want to or if you have the facts. I think the fact that there wasn't this information to supply clearly shows that 1602 is never meant to apply to non-monetary judgments. In every case we find, it is a monetary judgment. Berman v. Schneider. Primus v. Financial v. Walter. In McGinnis. In some particular cases. McGinnis was a divorce case, Justice. It was. Why did they need to provide that? I mean, it's a money judgment. I understand it's a money judgment for child support. But if it's a divorce case and you say you don't need to provide a divorce case, why didn't the appellate court or somebody say, why are we even dealing with this? Our book is a law change, Your Honor. In fact, the legislator had amended 1216-02 to remove child support judgments from ever needing to be revived. And it's a change in law. And as the law changes, so does the case law behind it, Your Honor. And so at this point, the case law is, you don't have to revive a child support judgment, even though it's a money judgment. It's clear. It's under Part G of 12, 216-02. I think it's really that simple. And simply because there's been a money judgment doesn't mean the entire judgment of dissolution would be subject to it. I really think that under the ruling, the case law of 16-02, motion is a pleading. It was subject to 2615. It wasn't sufficient. Our other argument was clearly that it was not a judgment entered against our client. Not that a judgment of dissolution is not a judgment, but it's not a money judgment, which is what 16-02 is in regards to. So are you saying unequivocally, I just want to make sure, that a dissolution judgment is subject to enforcement as written after seven years? Yes. Okay. Because counsel said if you walk out of here with that statement, you'd be happy. Yeah. And I kind of didn't understand why the appellants were in such fur over our stance, which is it's a property interest. It doesn't have to be revived. We never argued it died. We just argued it never had to actually be revived. And that's it. If there's no further questions, Your Honor, I'll simply ask that the trial court be adjourned. Thank you. Mr. Lubin? I probably don't need all this stuff. Thank you, Your Honor, and counsel, just a couple things. I don't think I'll take the whole five minutes. I think that when you move the penalty from you can't revive to you don't have to revive, and I think that's good. But that wasn't the position that was taken below. The position that was taken below is you have an interest in $0, so, you know, you basically don't have anything that you can enforce. And besides, you can't revive this judgment because, you know, there's no proper amount. And like I said, I would be perfectly happy with the ruling that it's not that you can't revive this judgment. It's that you don't have to revive this judgment. This judgment survives the 7-year-old. That's fine with me. That would be great. This certainly is not the first time I've asked an appellate court to clarify or any court, rather, to clarify a law that's unclear. And so if that's what this appeal accomplishes, super. That's wonderful. A couple things that I do want to say, though. Revival means revival. A petition to enforce, as the counsel mentioned, a petition to enforce, that's always been treated as a petition, to my knowledge, petitions for 167 sanctions, those are petitions. They assert facts. They ask for relief. Those are petitions that are subject to 615. This is not a petition that's subject to 615. Just because the court says that this is not a petition that's subject to 615 doesn't mean that this court would be saying that any petition, other than a complaint, is not a petition under 615. I don't think that makes any sense. But even in this argument, counsel referred to this property as an underwater commercial asset. That's an asserting fact. I have a right to discovery on that fact. Counsel says that there needs to be a partition suit. That's fine. That may be the next step. That's not a bad idea. But that only helps if there's a judgment that we're allowed to enforce. And so, you know, perhaps in an abundance of caution, and it wasn't me, it was a different counsel, counsel DeVos sought to revive this judgment so that there would be a judgment that we're able to enforce. As long as we have a judgment that we're able to enforce, whether it's under 1602 or any other period, I think we're happy with that. I think we're happy with that result. But if we're not allowed to enforce because seven years has passed and since the law is unclear, you know, file a petition to revive, make sure that you have a judgment to enforce, and then we can enforce it. But the enforcement is not what we were up on before the trial court. There was a reference made to it in the response that wasn't the initial petition. It probably should have been the initial petition, but it wasn't. And as a result of that, we have this issue right now, which is, oh, now what? You know, are we going to be told, well, seven years has passed under 1602. You needed to revive it and you didn't. And that would be an injustice. Do you see a partition action as being, or do you, at least starting out, you felt that you needed to revive this even to keep a partition right applicable? I didn't, but I can certainly understand, well, the reason I did this is because I wasn't the attorney. But the trial counsel clearly thought, I can't read his mind, but clearly thought based on what he did that he had to revive the petition in order to pursue a partition action. The law is unclear. There isn't any case law about this particular question. And as a result of that, it's made this rather confusing for both of us. The law is unclear, and since the law is unclear, we didn't want to be stuck in a position where eight years down the road we're told, uh-oh, seven years has passed. Once again, your honors are being asked to clarify something that the legislature probably should have done. Thank you. That wouldn't be unusual. No, not at all. Thank you very much, counsel, for your arguments. The court will take the matter under advisement.